UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARLEEN LINDA NUNES,<br><br>  Plaintiff<br><br>v.<br><br>JOSEPH EATON,<br><br>  Defendant | Case No.: 3:25-cv-00272-ART-CSD<br><br>**Order**<br><br>Re: ECF Nos. 1, 1-1 |

Defendant Joseph Eaton has filed an application for leave to proceed in forma pauperis and a notice of removal. (ECF Nos. 1, 1-1.)

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

1  (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the
2  benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).
3      A review of the application to proceed IFP reveals Defendant cannot pay the filing fee;
4  therefore, the application is granted.

## II. SCREENING

6      "[T]he court shall dismiss the case at any time if the court determines that-- (A) the
7  allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails
8  to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a
9  defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii). The court
10 must also dismiss the case if at any time it determines it lacks subject matter jurisdiction. Fed. R.
11 Civ. P. 12(h)(3).
12     A notice of removal must include "a copy of all process, pleadings, and orders served
13 upon" the defendant in the action sought to be removed, including the complaint. *See* 28 U.S.C.
14 § 1446(a); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013).
15     Defendant has not attached to his notice of removal a copy of the complaint in the state
16 court action he seeks to remove to this court. Thus, the court cannot evaluate whether it has
17 subject matter jurisdiction over the case. Accordingly, Defendant will be directed to file, as a
18 supplement to the notice of removal, a copy of the complaint in the state court action he seeks to
19 remove to this court.
20 /
21 /
22 /
23 /

## III. CONCLUSION

Defendant shall have **30 days** from the date of this order to **FILE**, as a supplement to the notice of removal, the complaint in the state court action he seeks to remove to this court. Failure to do so may result in an order remanding this action to the state court.

**IT IS SO ORDERED**.

Dated: July 29, 2025

_____
Craig S. Denney
United States Magistrate Judge